Abdur Ra'Oofur Raheem, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Jerome L. Munford,* for petitioner.

*William Kennedy,* Associate Counsel, with him, *Richard Wagner,* Counsel, and *Richard J. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 6, 1981:

This is an appeal from an Order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits to Abdur Ra'Oofur Raheem (claimant). The referee's decision affirmed a determination by the Office of Employment Security (Office) that claimant was ineligible to receive benefits due to willful misconduct, as provided by Section 402(e) of the Unemployment Compensation Law (Law).[1]

Claimant was last employed by Lockett Trucking Company for about six months as a truck driver; this company is owned and operated by claimant's brother. The claimant was discharged by his brother on August 23, 1979. The reasons for claimant's discharge were poor attitude toward his employment; negligent work habits which caused damages to the employer's truck; and general failure of the claimant to improve his work habits after being repeatedly warned of the employer's dissatisfaction with the claimant's job performance. On the day that he was fired the claimant, after being questioned by his employer about some damage to one of the employer's trucks, refused to discuss the matter with the employer. Instead, he made an impertinent remark to the employer and left the site of this confrontation, which was the employer's garage.

After being discharged, claimant applied for benefits and was determined ineligible by the Office due to discharge for willful misconduct under Section 402(e) of the Law,[2] and failure to earn six times his weekly benefit rate in subsequent employment as required by Section 401(f) of the Law.[3] Claimant ap-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

[2] Id.

[3] 43 P.S. §801(f).

pealed the determination of the Office to a referee. The referee affirmed the Office; and modified the ineligibility basis to solely willful misconduct under Section 402(e), ruling Section 401(f) inapplicable. Claimant appealed the referee's decision to the Board, which affirmed the referee; and this appeal followed.

Willful misconduct under Section 402(e) of the Law has been defined by this Court as an act of wanton or willful disregard of an employer's interest, a deliberate violation of an employer's rules, a disregard of standards of behavior which an employer can rightfully expect from his employee, or negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard of an employer's interest or an employee's duties and obligations. *Perry v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 646, 410 A.2d 398 (1980); *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). It is likewise the law of this Commonwealth that, in willful misconduct cases, the employer bears the burden of proving that a claimant was discharged for willful misconduct. *Flanagan v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 120, 407 A.2d 471 (1979).

In the instant case we are satisfied that the record evidence supports the Board's conclusion that the employer carried his burden of proving that the claimant's conduct rose to the level of willful misconduct under the standard which we have established. The employer testified to several instances of intentional or reckless acts by the claimant which were directly inimical to the employer's interest. These acts included: an accident in which the claimant was involved while driving the employer's truck, which claimant failed to report to the employer; reckless

operation of the employer's truck on a construction site, which caused damage to the truck and resulted in the employer receiving complaints that claimant's recklessness created a safety hazard to other workers; and threatened loss of contracts due to claimant's careless driving on a construction site. The employer's testimony in these matters was corroborated by the testimony of other supervisory personnel. This testimony clearly establishes that the claimant was consistently reckless in the performance of his assigned duties, to the direct detriment of his employer.

The employer has thus successfully carried the burden imposed upon him; and since the claimant has failed to establish otherwise, and has advanced no other contentions of merit, the Board's Order is affirmed.

ORDER

AND Now, the 6th day of July, 1981, the Order of the Unemployment Compensation Board of Review, at Decision No. 181708, dated March 5, 1980, is affirmed.