Gerald A. Kronstadt, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 18, 1984, to President Judge CRUMLISH, JR., Judge COLINS and Senior Judge BLATT, sitting as a panel of three.

No appearance for petitioner.

*William J. Gallagher*, with him, *Mary Ann Rossi, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.*, for intervenor, A R I & S, Inc.

*Richard F. Faux*, Associate Counsel, with him, *Charles G. Hasson*, Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 20, 1985:

Gerald A. Kronstadt appeals an Unemployment Compensation order which sustained a referee's decision denying benefits on the ground that his discharge was for willful misconduct. We affirm.

In December, 1982, Kronstadt, an insurance company claims supervisor, was in California on business for his employer, ARI & S, Inc. While on this trip, he and a California attorney, who did legal work for ARI & S, Inc., agreed to take a vacation together in April, 1983. While gambling on their vacation, the attorney gave $266.00 in cash to Kronstadt. It is undisputed that Kronstadt accepted the money. Kronstadt was subsequently discharged for accepting the cash. The employer had no specific rules regarding the acceptance of money from attorneys.

In this appeal, Kronstadt contends that his behavior does not constitute willful misconduct. We disagree. A finding of willful misconduct requires evidence of

the wanton and willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard of expected standards of behavior, or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's interest or the employee's duties or obligations to the employer.

*Lytle v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 78, 80, 387 A.2d 962, 963 (1978).

A review of the record reveals that Kronstadt was the business conduit between the California attorney and his employer. Accepting a substantial cash payment for personal gain from an attorney in a law firm with which his employer does business is a conscious disregard of the employer's interests.

Considering that ARI & S and the law firm had a fiduciary relationship, it is not unreasonable for ARI & S to require employees to refrain from such unethical conduct. It is clear that Kronstadt's job position is one of trust and the acceptance of money for personal gain was inconsistent with that trust. *See Johnson v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 147, 427 A.2d 724 (1981). The appearance of impropriety reached its highest peak when Kronstadt accepted cash; this was incompatible with his work responsibilities. Kronstadt's behavior directly reflected on his ability to perform his assigned duties and adversely affected his employer. Regardless of whether Kronstadt's employer had an established rule concerning these actions, the behavioral standard is obvious and Kronstadt's conduct was so inimical to his employer's best interests as to constitute willful misconduct.[1] *See Biggs v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 117, 443 A.2d 1204 (1982).

We hold that the Board did not err as a matter of law when it concluded Kronstadt's behavior constituted willful misconduct.

---

[1] Kronstadt also contends that he was not afforded a meaningful opportunity to present his case at the referee's hearing. Upon review of the record, we hold this argument has no merit.

Affirmed.

Judge BLATT concurs in the result only.

Judge WILLIAMS, JR., did not participate in the decision in this case.

ORDER

The order of the Unemployment Compensation Board of Review dated February 28, 1984, at Decision No. B-224197-B is affirmed.