DOUGLAS COUNTY SCHOOL DISTRICT 001, APPELLANT, V.
THERESA A. DUTCHER AND DAN DOLAN,
COMMISSIONER OF LABOR, APPELLEES.

576 N.W. 2d 469

Filed March 27, 1998.    No. S-96-1149.

David M. Pedersen and Carol C. Knoepfler, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant.

John F. Sheaff and John H. Albin for appellee Dolan.

WHITE, C.J., WRIGHT, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

Douglas County School District 001, a political subdivision administering the Omaha Public Schools (hereinafter referred to as "OPS"), appeals the decision of the district court for Douglas County, Nebraska, affirming the judgment of the Nebraska Appeal Tribunal of the Nebraska Department of Labor that appellee Theresa A. Dutcher was discharged from her employment with OPS for misconduct in connection with her work and was properly assessed a 7-week benefit disqualification. We, on our own motion, removed this case to our docket pursuant to our authority to regulate the dockets of the Nebraska Court of Appeals and this court. We reverse, and remand with directions.

## BACKGROUND

Dutcher was employed by OPS as a full-time van driver from August 29, 1984, to October 24, 1995. OPS has a drug-free workplace policy which provides for random drug testing and further provides:

> The unlawful manufacture, sale, distribution, dispensation, possession or use of a controlled substance by an Omaha Public Schools employee is strictly prohibited at any time or place whether on or off duty . . . . Any employee violating this policy shall be subject to disciplinary action, up to and including discharge and referral to law enforcement authorities.

The stated purpose of the OPS policy is as follows:

> The illegal use of drugs and/or alcohol is determined by the Omaha Public Schools to be one of the greatest potential threats to the educational process and to the community . . . . Alcohol or drug abuse by employees of the Omaha Public Schools, whether on or off the job, presents a variety of risks which are unacceptable.
>
> a. Risk of harm to students, who may be injured due to a lack of supervision or alertness on the part of Omaha Public Schools employees.
>
> b. Risk of harm to co-workers, who similarly may be injured by accidents resulting from a lack of supervision or alertness on the part of Omaha Public Schools employees.
>
> c. Risk that students will be improperly influenced by Omaha Public Schools staff members who use or promote the use of illegal drugs or alcohol.
>
> d. Risk of harm to the Omaha Public Schools, through low productivity, high absenteeism or damage to the reputation of the Omaha Public Schools as a public educational institution.
>
> e. Risk of physical, mental, spiritual and economic harm to the employee who is abusing drugs or alcohol.

As a van driver, Dutcher was required by OPS board policy to submit to this random drug testing. Dutcher was aware of and understood the OPS policy. She received and signed for a copy of the policy. Dutcher consented to a random test to determine

the presence of drugs and/or alcohol in her body. Dutcher tested positive for cannabinoids. Pursuant to OPS board policy, Dutcher's employment was terminated. Dutcher admitted to using marijuana a few weeks before her testing and did not contest the findings of the drug test.

Dutcher filed for unemployment insurance benefits. The claims deputy found that Dutcher was discharged from her employment with OPS for misconduct in connection with her work and assessed a 7-week benefit disqualification. OPS appealed the decision of the claims deputy to the appeal tribunal. The appeal tribunal affirmed the claims deputy's determination that Dutcher was discharged from her employment for misconduct in connection with her work and also assessed a 7-week benefit disqualification.

OPS timely filed its petition for review of the decision of the appeal tribunal pursuant to Neb. Rev. Stat. § 84-917 (Reissue 1994), arguing that Dutcher should be totally disqualified from receiving benefits. The district court affirmed the decision of the appeal tribunal, despite the fact that appellee Dan Dolan, Commissioner of Labor, reversed his position in the case and also argued that Dutcher should be totally disqualified from benefits.

## ASSIGNMENTS OF ERROR

OPS asserts that the district court erred (1) when it affirmed the decision of the appeal tribunal and failed to find that Dutcher was discharged for gross misconduct; (2) when it found that Dutcher was discharged for misconduct and affirmed the appeal tribunal's decision to disqualify Dutcher from benefits for 7 weeks; (3) when it and the appeal tribunal failed to find that Dutcher was discharged for gross misconduct, which would thereby disqualify Dutcher from receiving any unemployment benefits; (4) when it and the appeal tribunal failed to find that a violation of an employer's drug-testing policy constitutes misconduct sufficient to disqualify a discharged employee from unemployment compensation; and (5) when it and the appeal tribunal failed to find that an employee's use of an illegal drug was unlawful misconduct sufficient to disqualify a discharged employee from unemployment compensation.

## STANDARD OF REVIEW

In an appeal from the appeal tribunal to the district court regarding unemployment benefits, the district court conducts the review de novo on the record, but on review by the Court of Appeals or the Supreme Court, the judgment of the district court may be reversed, vacated, or modified for errors appearing on the record. *Omaha World-Herald v. Dernier*, 253 Neb. 215, 570 N.W.2d 508 (1997); *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 558 N.W.2d 303 (1997); *Memorial Hosp. of Dodge Cty. v. Porter*, 251 Neb. 327, 557 N.W.2d 21 (1996); *Dillard Dept. Stores v. Polinsky*, 247 Neb. 821, 530 N.W.2d 637 (1995).

When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Omaha World-Herald v. Dernier, supra.*

## ANALYSIS

Pursuant to Nebraska's Employment Security Law, Neb. Rev. Stat. § 48-601 et seq. (Reissue 1993, Cum. Supp. 1994 & Supp. 1995), an employee may be partially or totally disqualified from receiving benefits if he or she is found to have been discharged for misconduct connected to his or her work. Section 48-628 provides:

An individual shall be disqualified for benefits:

. . . .

(2) For the week in which he or she has been discharged for misconduct connected with his or her work, if so found by the commissioner, and for not less than seven weeks nor more than ten weeks which immediately follow such week, as determined by the commissioner in each case according to the seriousness of the misconduct. If the commissioner finds that such individual's misconduct was gross, flagrant, and willful, or was unlawful, the commissioner shall totally disqualify such individual from receiving benefits with respect to wage credits earned prior to such misconduct.

Misconduct has been defined, pursuant to § 48-628, as behavior evidencing (1) wanton and willful disregard of the employer's interests, (2) deliberate violation of rules, (3) disre-

gard of standards of behavior which the employer can rightfully expect from the employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interests or of the employee's duties and obligations. *Dolan v. Svitak*, 247 Neb. 410, 527 N.W.2d 621 (1995).

In *Dolan v. Svitak, supra*, the employer, Chief Industries, adopted a policy prohibiting employees, such as Svitak, from being under the influence of illegal drugs when performing company business. Chief Industries' stated reason for adopting the drug-free workplace policy was to improve safety, to ensure the quality of the product produced, and to enhance the employer's reputation. Under the policy, an employee was deemed to be under the influence if he or she tested positive for cannabinoids. This court determined that Chief Industries' policy prohibiting employee drug use bore a reasonable relationship to the employer's business interests and that Svitak was discharged from his employment for misconduct in connection with his work. The court then directed the district court to reinstate the appeal tribunal's decision assessing a 7-week benefit disqualification.

In the present case, we find that OPS' drug-free workplace policy clearly satisfies our holding in *Dolan v. Svitak, supra*, that there must be a reasonable relationship between the employer's rule and the employer's business interest. Here, OPS has a reasonable interest in providing children in its custody with safe transportation. Therefore, to prohibit drug use by an OPS van driver who transports children is a reasonable rule in relation to OPS' interest in the safety of the children it transports.

There is no question in the present case that Dutcher engaged in misconduct. Dutcher received a copy of the OPS policy, does not contest the findings of the drug test performed, and admits that she used marijuana in the 2-week period immediately before the drug test was performed.

Having determined that OPS' rule was reasonably related to a business interest and that Dutcher committed misconduct related to her work, we turn now to the principal issue to be determined in the present case: what level of disqualification should be assessed for Dutcher's misconduct. OPS and the com-

missioner urge this court to find that Dutcher was discharged from her employment for gross misconduct and should therefore be denied all unemployment benefits pursuant to § 48-628(2). The commissioner argues that in directing the district court to affirm the decision of the appeal tribunal in *Dolan v. Svitak, supra*, this court did not specifically rule on the appropriate level of misconduct penalty to be applied for violation of employer policies prohibiting drug use. The commissioner further argues that a court or tribunal may find that a discharge for violation of an employer's drug-free workplace policy constitutes gross misconduct pursuant to § 48-628(2) if the facts warrant the greater penalty. We agree.

We determine that because Dutcher was a government employee whose job was to transport school children, the appeal tribunal's assessment of a general misconduct penalty of 7 weeks' benefit disqualification was not an appropriate penalty for her violation of the OPS drug-free workplace policy. Because Dutcher was entrusted with the lives and safety of the children riding in her van, her violation of OPS' drug-free workplace policy warrants more than a 7-week benefit disqualification. See, e.g., *McAllister v. Board of Review*, 263 Ill. App. 3d 207, 635 N.E.2d 596 (1994); *Farm Fresh Dairy, Inc. v. Blackburn*, 841 P.2d 1150 (Okla. 1992); *Grace Drilling Co. v. Director of Labor*, 31 Ark. App. 81, 790 S.W.2d 907 (1990); *Barkley v. Peninsula Transp. Dist. Com'n*, 11 Va. App. 317, 398 S.E.2d 94 (1990).

## CONCLUSION

We reverse the judgment of the district court and remand the cause with directions that a judgment be entered totally disqualifying Dutcher from unemployment benefits.

REVERSED AND REMANDED WITH DIRECTIONS.

CONNOLLY, J., participating on briefs.

CAPORALE, J., not participating.