784 N.W.2d 447 (2010)
280 Neb. 145
NEBCO, INC., a Nebraska corporation, appellant,
v.
Theresa K. MURPHY, a Nebraska citizen, and Catherine D. Lang, in her capacity as the Commissioner of Labor for the State of Nebraska, appellees.
Nos. S-09-484, S-09-691.
Supreme Court of Nebraska.
July 2, 2010.
*449 Shannon L. Doering and Luke F. Vavricek for appellant.
James D. McFarland for appellee Theresa K. Murphy.
John H. Albin and Thomas A. Ukinski, Lincoln, for appellee Catherine D. Lang.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
In these consolidated cases, NEBCO, Inc., appeals two orders, each of which relates to unemployment benefits paid to a former NEBCO employee, appellee Theresa K. Murphy. In the first case, case No. S-09-484, the district court for *450 Lancaster County affirmed the Nebraska Appeal Tribunal's decision that Murphy was not partially disqualified from receiving unemployment benefits because there was insufficient evidence that she had engaged in workplace misconduct. In the second case, case No. S-09-691, the district court affirmed the appeal tribunal's decision that NEBCO's unemployment insurance experience account could be charged for Murphy's unemployment benefits. We affirm the district court's orders in both cases.

STATEMENT OF FACTS
Murphy was employed by NEBCO as a truckdriver. Murphy's employment was terminated on July 25, 2008, because of five separate driving accidents which occurred within a 3-year period.
In two separate accidents that occurred on September 11 and 13, 2005, the truck Murphy was driving struck a city light pole. The third accident occurred on September 11, 2007, when the truck Murphy was driving damaged a culvert as she was entering a construction site. In the fourth accident, which occurred April 24, 2008, Murphy backed a truck into construction forms and damaged the forms. Finally, on July 22, 2008, the truck Murphy was driving damaged a culvert as she was entering a construction site. After each of the first four accidents, NEBCO responded with a combination of counseling regarding vehicle handling and safety as well as discipline including a suspension and a reduction in pay. NEBCO terminated Murphy's employment following the final accident after determining that the truck was put into a tipped position that presented a safety hazard.
Murphy applied for unemployment benefits. An adjudicator for the Nebraska Department of Labor concluded in a notice of determination dated August 13, 2008, that because her actions amounted to misconduct, Murphy was disqualified from receiving benefits under Neb.Rev.Stat. § 48-628(2) (Cum.Supp.2008) for the week her employment ended and the 12 weeks immediately following such week, which the adjudicator specified as the period from July 20 through October 18. The adjudicator noted that Murphy had been discharged from her job "for having too many work related accidents for which [she was] responsible or at fault" and determined that Murphy was disqualified from benefits because her "carelessness or negligence resulting in these accidents was contrary to the best interests of the employer and constitute[d] misconduct in connection with the work." The adjudicator further determined that NEBCO was "not chargeable for this employment on any future claim."
Murphy appealed the adjudicator's August 13, 2008, determination to the Nebraska Appeal Tribunal. In a decision filed September 25, 2008, the appeal tribunal reversed the adjudicator's ruling with respect to the partial disqualification and determined that Murphy "was discharged under non-disqualifying conditions" and was entitled to benefits for the weeks at issue to the extent she was otherwise eligible. The appeal tribunal found that the evidence did not support a finding that Murphy "wantonly, deliberately or willfully caused the accidents" and instead that "the accidents occurred as [Murphy] in good faith proceeded to perform her job as she understood it to be."
The appeal tribunal next considered whether Murphy "was negligent to [such a] degree or [with such] recurrence as to manifest culpability, wrongful intent or evil design." In this regard, the appeal tribunal made the following specific findings: The September 11, 2007, accident was not the result of negligence, and instead, the *451 evidence supported Murphy's claim that she could not see the culvert in the mud. The two accidents in 2005 manifested driver negligence but, the appeal tribunal noted, Murphy was counseled and disciplined at the time and approximately 3 years passed before the accident of April 24, 2008. That accident involved "some negligence" but "was not major," and the "damage caused was modest" and consisted mainly of nuisance. The final incident on July 22, 2008, evidenced negligence, but again, the "damage was humble" and the "greater part of the damage" was nuisance.
In summary, the appeal tribunal stated that "[n]one of the four accidents evidencing negligence were major accidents" and that the "damage in each case was modest." The appeal tribunal noted the timelag between the September 2005 accidents and the termination of Murphy's employment in July 2008 and stated that the accidents of September 11, 2007, and April 24, 2008, "were apparently accidents that the drivers not infrequently experience on the construction sites due to the conditions and circumstances the drivers face and are expected to negotiate." The appeal tribunal expressed that it was "concerned with the final incident" of July 22, 2008, because the evidence indicated that Murphy "knew or should have known better particularly in light of the earlier warnings, suspension and remedial driver training." However, the appeal tribunal concluded that it was "not convinced the degree of negligence or the recurrence . . . supports the degree of culpability required for a holding of misconduct." In its September 25, 2008, order, the appeal tribunal reversed the adjudicator's determination that Murphy was partially disqualified for unemployment benefits.
On October 6, 2008, under a separate docket number, a different administrative law judge of the appeal tribunal filed a decision with respect to NEBCO's unemployment insurance experience. In that order, it was noted that the appeal tribunal had previously ruled in Murphy's favor on the issue of whether she was disqualified from receiving benefits. With regard to the issue whether NEBCO's experience account could be charged with respect to unemployment benefits paid to Murphy, the appeal tribunal noted that "[i]n order to qualify for non-charging of its experience account, the employer must establish," inter alia, that "a claimant's separation from employment was under disqualifying conditions." Because Murphy had not been disqualified, the appeal tribunal determined that NEBCO's unemployment insurance experience account would be charged with respect to Murphy's employment.
NEBCO appealed both the September 25 and October 7, 2008, orders of the appeal tribunal to the district court for Lancaster County. Each appeal was docketed separately by the district court and was assigned to a different judge. On appeal to this court, the order regarding whether Murphy was disqualified from receiving unemployment benefits is the subject of the appeal in case No. S-09-484 and the order regarding whether NEBCO's unemployment insurance experience account could be charged is the subject of the appeal in case No. S-09-691. We refer herein to the proceedings in each case at the district court level by the numbers the appeals are assigned in this court.
In case No. S-09-484, the district court reviewed the appeal tribunal's September 23, 2008, decision de novo on the record. After reviewing the record, in an order filed April 29, 2009, the court found the facts to be the same as those set out in the appeal tribunal's decision and concluded that the facts failed to support a finding of *452 misconduct. The court therefore affirmed the September 23, 2008, decision of the appeal tribunal that Murphy was not disqualified from receiving benefits.
In case No. S-09-691, the district court reviewed the appeal tribunal's October 6, 2008, decision de novo on the record. In an order filed June 29, 2009, the court concluded that because the appeal tribunal's September 23, 2008, decision had been affirmed in case No. S-09-484, the case at issue with respect to the unemployment insurance experience account was "moot," and it therefore affirmed the tribunal's October 6 order to the effect that Murphy's unemployment benefits were chargeable. The court further noted in its order that in her answer, Murphy sought an award of attorney fees and costs under Neb.Rev.Stat. § 25-824(2) (Reissue 2008). The court concluded that NEBCO's appeal of the October 6 order was neither frivolous nor made in bad faith, and it therefore ordered that each party was to pay its or her own attorney fees and costs.
NEBCO appealed each district court order separately to the Court of Appeals. The Court of Appeals granted NEBCO's motion to consolidate the two appeals. We subsequently moved the consolidated cases to this court's docket.

ASSIGNMENTS OF ERROR
NEBCO asserts in case No. S-09-484 that the district court erred by (1) concluding that the evidence failed to support a finding of misconduct for purposes of § 48-628(2), (2) basing such conclusion in part upon the severity of damage caused by the misconduct rather than the misconduct itself, and (3) concluding that Murphy was not disqualified from receiving unemployment benefits as a result of misconduct.
NEBCO asserts in case No. S-09-691 that the district court erred when it determined (1) that NEBCO's account was properly chargeable for benefits paid to Murphy and (2) that Murphy's separation from employment was not under disqualifying conditions.
We note that Murphy argues in her appellate briefs in both cases Nos. S-09-484 and S-09-691 that the district court erred by failing to award her attorney fees and costs. However, she does not denominate such arguments as cross-appeals in accordance with Neb. Ct. R. App. P. § 2-109(D)(4) (rev. 2008), and we therefore do not consider such arguments on appeal. See, Vokal v. Nebraska Acct. & Disclosure Comm., 276 Neb. 988, 759 N.W.2d 75 (2009); In re Guardianship & Conservatorship of Larson, 270 Neb. 837, 708 N.W.2d 262 (2006).

STANDARDS OF REVIEW
When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the trial court. Miller v. Regional West Med. Ctr., 278 Neb. 676, 772 N.W.2d 872 (2009).
In an appeal from the appeal tribunal to the district court regarding unemployment benefits, the district court conducts the review de novo on the record, but on review by the Court of Appeals or the Supreme Court, the judgment of the district court may be reversed, vacated, or modified for errors appearing on the record. Douglas Cty. Sch. Dist. 001 v. Dutcher, 254 Neb. 317, 576 N.W.2d 469 (1998). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Id.

*453 ANALYSIS

The District Court Decided the Attorney Fee Issue in Both Cases, and the Orders Were Final and Appealable.
Although, as stated above, we do not consider Murphy's arguments that the district court erred by failing to award her attorney fees, we note that in her brief in case No. S-09-484, Murphy asserts that the court failed to rule on her request for attorney fees and costs. Because failure to rule on all issues in a case could mean that there was not a final, appealable order, we must consider whether this court has jurisdiction over these appeals. We conclude that the court either explicitly or impliedly rejected Murphy's requests for attorney fees and costs asserted in her answer in both cases Nos. S-09-484 and S-09-691, that the orders in both cases were appealable, and that this court has jurisdiction over these appeals.
In case No. S-09-691, the district court noted in its order entered June 29, 2009, that in her answer filed in that court, Murphy sought an award of attorney fees and costs under § 25-824(2). The court denied such request and ordered that each party was to pay its or her own attorney fees and costs. Therefore, the district court ruled on the request for attorney fees in the order from which appeal is taken in case No. S-09-691.
Murphy asserts that in case No. S-09-484, the district court failed to rule on her request for attorney fees and costs under § 25-824(2) asserted in her answer and that this court lacks jurisdiction over case No. S-09-484 because there is no final order. We reject this argument.
In Olson v. Palagi, 266 Neb. 377, 665 N.W.2d 582 (2003), we noted that a party had requested an award of attorney fees and costs in her answer to the other party's application to terminate child support. The district court entered an order in which it denied the application "and granted no other relief as to either party." 266 Neb. at 380, 665 N.W.2d at 585. We determined that "[t]he silence of the judgment on the issue of attorney fees must be construed as a denial of [the] request under these circumstances." Id.
Similarly, in case No. S-09-484, Murphy requested in her answer to NEBCO's complaint filed in district court that she be awarded reasonable attorney fees and costs pursuant to § 25-824. Murphy did not file a separate motion for attorney fees. In its order entered April 29, 2009, the district court affirmed the decision of the appeal tribunal and ordered no further relief. We determine that under these circumstances, the court's silence on the issue of attorney fees must be construed as a denial of Murphy's request. See id.
Because the district court disposed of the attorney fee requests in both cases Nos. S-09-484 and S-09-691, the order appealed from in each case is appealable and this court has jurisdiction over these appeals.

Case No. S-09-484: The District Court Did Not Err by Concluding That NEBCO Failed to Show That Murphy's Employment Was Terminated for "Misconduct" Under § 48-628(2).
In case No. S-09-484, NEBCO asserts that the district court erred by determining that the evidence failed to support a finding of misconduct for purposes of § 48-628(2) and concluding that Murphy was not partially disqualified from receiving unemployment benefits as a result of misconduct. The district court adopted the findings of the appeal tribunal. NEBCO argues that the district court erred by basing its finding of no misconduct in part upon the severity of damage caused by the misconduct rather than the misconduct itself. *454 We conclude that although a determination of misconduct is properly based on the employee's conduct rather than the severity of damage caused thereby, the court in this case did not err in finding no misconduct and thus concluding that Murphy was not disqualified from receiving unemployment benefits. Finding no error on the record, we reject this assignment of error.
Under § 48-628(2) of Nebraska's Employment Security Law, Neb.Rev.Stat. § 48-601 et seq. (Reissue 2004 & Cum. Supp.2008), an employee may be partially or totally disqualified from receiving benefits if he or she is found to have been "discharged for misconduct connected with his or her work." A partial disqualification is effective for the week of the discharge "and for the twelve weeks which immediately follow such week." § 48-628(2). An individual may be totally disqualified if the "misconduct was gross, flagrant, and willful, or was unlawful." Id. In the present case, the adjudicator determined that Murphy was disqualified from benefits for the week her employment ended plus 12 weeks. Given this partial disqualification, it is clear that the adjudicator determined that Murphy was discharged for misconduct but did not find that such misconduct was gross, flagrant, and willful, or unlawful.
"[M]isconduct" for purposes of § 48-628(2) is not statutorily defined. However, in case law, "misconduct" under § 48-628(2) has been defined as behavior evidencing (1) wanton and willful disregard of the employer's interests, (2) deliberate violation of rules, (3) disregard of standards of behavior which the employer can rightfully expect from the employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interests or of the employee's duties and obligations. See Douglas Cty. Sch. Dist. 001 v. Dutcher, 254 Neb. 317, 576 N.W.2d 469 (1998).
The appeal tribunal in the present case found that the evidence did not support a finding that Murphy "wantonly, deliberately or willfully caused the accidents" that gave rise to her discharge. Instead, the appeal tribunal found that the "accidents occurred as [Murphy] in good faith proceeded to perform her job as she understood it to be." The appeal tribunal further found that one of Murphy's accidents was not the result of negligence and that while her four other accidents evidenced negligence, such negligence did not support "the degree of culpability required for a holding of misconduct." In its de novo review, the district court agreed with the tribunal that "the facts fail to support a finding of misconduct as defined by the applicable case law."
NEBCO asserts on appeal that Murphy's negligence in connection with the accidents rose to a level of culpability that supports a finding of misconduct. NEBCO notes that the appeal tribunal found that, at least with regard to the final accident, Murphy "`knew or should have known better particularly in light of the earlier warnings, suspension and remedial driver training.'" Brief for appellant at 9. NEBCO argues that because Murphy knew or should have known better, the accidents were a result of something more than mere negligence and evidenced a level of culpability sufficient to constitute misconduct. NEBCO further asserts that the appeal tribunal's decision "wrongfully addresses the degree of culpability in terms of the severity of the resulting damage, rather than in terms of the presence or existence of misconduct." Id. In support of its argument, NEBCO notes that the appeal tribunal stated that "[n]one of the four accidents evidencing negligence were *455 major accidents" and that the "damage in each case was modest."
We agree with NEBCO that the degree of damage caused should not be a determining factor in whether an employee engaged in misconduct. Instead, the focus should be on the employee's culpability as demonstrated by his or her conduct and intentions. Under the definition of "misconduct" developed in the case law, misconduct generally involves intentional actions as indicated by the phrases "wanton and willful disregard of the employer's interests," "deliberate violation of rules," and "disregard of standards of behavior." Douglas Cty. Sch. Dist. 001, 254 Neb. at 320-21, 576 N.W.2d at 472. Misconduct may also involve negligence on the part of the employee, but only when it "manifests culpability, wrongful intent, evil design, or intentional and substantial disregard." Id. at 321, 576 N.W.2d at 472. Damage caused by an employee's action would not be determinative of whether an employee engaged in misconduct and would be potentially relevant only to the extent it indicated culpability or intent.
Although we agree that damage is not a determining factor in whether misconduct occurred, we do not think that the appeal tribunal or the district court in this case based the conclusion that there was no misconduct on the degree of damage. In this regard, we note that the appeal tribunal specifically found Murphy's accidents were of the type that drivers in her industry "not infrequently experience on the construction sites" and that even where Murphy was negligent, the appeal tribunal was "not convinced the degree of negligence . . . supports the degree of culpability required for a holding of misconduct." Reading the appeal tribunal order as a whole, we ascertain that its conclusion was properly based on the determination that Murphy's negligence did not manifest culpability, wrongful intent, evil design, or intentional and substantial disregard of NEBCO's interests or Murphy's duties. We determine that the decision of the appeal tribunal, adopted by the district court, is supported by competent evidence. See Douglas Cty. Sch. Dist. 001 v. Dutcher, 254 Neb. 317, 576 N.W.2d 469 (1998).
The present case may be contrasted to cases such as Raheem v. Com. Unempl. Comp. Bd. of Review, 60 Pa.Cmwlth. 324, 327, 431 A.2d 1112, 1113 (1981), in which the court affirmed a finding that an employee was discharged for willful misconduct because he "was consistently reckless in the performance of his assigned duties, to the direct detriment of his employer." In Raheem, there was evidence that the employee engaged in "several instances of intentional or reckless acts" including "reckless operation" of a truck on a construction site and involvement in an accident in which the employee was driving the employer's truck and failed to report the accident to the employer. 60 Pa. Cmwlth. at 326-27, 431 A.2d at 1113. In Kimble v. Director, Ark. Emp. Sec. Dept., 60 Ark.App. 36, 959 S.W.2d 66 (1997), the court found that five preventable accidents in a 6-month period could support a finding of misconduct. The court in Kimble indicated that it could be inferred that this recurring pattern of carelessness manifested an indifference constituting substantial disregard of the employer's interests and of the employee's duties and obligation.
The present case is more similar to Foster v. Mississippi Employment Sec. Com'n, 632 So.2d 926 (Miss.1994), in which the Mississippi Supreme Court reversed a determination that an employee had been discharged for "work-related misconduct" when, during a 6-month tenure as a carwasher, the employee on five occasions backed vehicles into stationary objects. The employee was given training after *456 each incident and, after the fourth incident, was given a suspension and was warned his employment would be terminated if further accidents occurred. The Mississippi Supreme Court stated that although an employer may be justified in terminating the employment of an "`accident-prone'" employee, accidents that are the result of mere negligence do not amount to willful misconduct. Id. at 928. The court noted that there was no evidence that the incidents were anything but accidental or that the employee willfully or recklessly disregarded his supervisor's instructions. The court concluded that "[w]ithout more, mere ineptitude cannot disqualify a terminated employee from receiving unemployment compensation benefits." Id. at 929. See, also, Myers v. Unemployment Comp. Bd. of Review, 533 Pa. 373, 625 A.2d 622 (1993) (three accidents with employer's truckon May 1 and September 4 and 5, 1989did not constitute misconduct where evidence failed to show any intentional and deliberate conduct on employee's part).
Although Murphy was involved in five accidents on the job, the accidents were spread over a 3-year period and do not indicate a consistent or concentrated pattern of behavior. While the appeal tribunal found four of the accidents to be the result of Murphy's negligence, it did not find any of the accidents to be the result of intentional, reckless, or deliberate acts. NEBCO presented no evidence that Murphy acted intentionally or that she took unacceptable deliberate action such as failing to report any of the accidents.
We conclude that based on the evidence, there is no error appearing on the record. The appeal tribunal and the district court did not err in determining that Murphy's accidents were the result of mere negligence or ineptitude rather than any reckless or intentional actions on her part, the latter of which would constitute "misconduct" under § 48-628(2). Disqualification for unemployment benefits is appropriate under § 48-628(2) when the employee is discharged for misconduct. Because the district court determined there was no misconduct, the court logically concluded that Murphy was not disqualified from receiving benefits. The district court did not err, and we reject NEBCO's assignments of error and therefore affirm the district court's order in case No. S-09-484.

Case No. S-09-691: The District Court Did Not Err by Concluding That NEBCO's Account Was Chargeable for Benefits Paid to Murphy.
NEBCO asserts in case No. S-09-691 that the district court erred when it determined that Murphy's separation from employment was not under disqualifying conditions and concluded that NEBCO's account was properly chargeable for benefits paid to Murphy. We conclude that because the court in case No. S-09-484 did not err in concluding that Murphy was not disqualified from receiving benefits, it follows that the court did not err in case No. S-09-691 when it concluded that NEBCO's account was chargeable for benefits paid to Murphy.
Section 48-652(3)(a) provides in relevant part:
No benefits shall be charged to the experience account of any employer if (i) such benefits were paid on the basis of a period of employment from which the claimant . . . left work from which he or she was discharged for misconduct connected with his or her work . . . and (ii) the employer has filed timely notice of the facts on which such exemption is claimed in accordance with rules and regulations prescribed by the commissioner.
The appeal tribunal in case No. S-09-691 concluded that NEBCO "cannot meet the first of the two requirements for non-charging *457 of its unemployment insurance experience account" because, in case No. S-09-484, it had been determined that Murphy was not discharged for misconduct. The district court affirmed.
NEBCO's argument on appeal in case No. S-09-691 is contingent on its being successful in its appeal to this court in case No. S-09-484, in which it argued that the district court had erred when it concluded that Murphy was not disqualified from receiving unemployment benefits because Murphy had not engaged in misconduct. We have concluded in case No. S-09-484 that the court did not so err. Thus, the district court did not err in case No. S-09-691 when it determined that Murphy's separation from employment was not under disqualifying conditions and therefore concluded that under § 48-628(2), NEBCO's account was properly chargeable for benefits paid to Murphy. We reject NEBCO's assignments of error. Because the district court's ruling in case No. S-09-691 conforms to the law, we affirm.

CONCLUSION
We conclude in case No. S-09-484 that the district court did not err when it determined that Murphy was entitled to unemployment benefits because NEBCO had failed to establish that Murphy's employment was terminated for misconduct under § 48-628(2) and when it accordingly affirmed the appeal tribunal's decision. We conclude in case No. S-09-691 that the district court did not err when it concluded that NEBCO's account was chargeable for benefits paid to Murphy and accordingly affirmed the appeal tribunal's decision. We therefore affirm the orders of the district court.
AFFIRMED.