**Grant ROYSTER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 29, 2011.

Decided Dec. 27, 2011.

Richard Veon, Reading, for petitioner.

Shawn J. Jayman, Assistant Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

Grant Royster (Claimant) petitions for review of the November 9, 2010, decision of the Unemployment Compensation Board of Review (Board), which held that Claimant is ineligible for benefits under section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed full-time by Spring City Electrical Management (Employer) as a molder and laborer from October 11, 2005, through January 16, 2010. (Board's Findings of Fact No. 1.) On January 15, 2010, Claimant was using a front-loader to haul sand from one end of a building to the other when a co-worker, Charlie Mitchell, deliberately maneuvered his forklift in Claimant's way. (Board's Findings of Fact, Nos. 2, 5.) Claimant beeped his horn and asked Mitchell why he was acting like a kid, and Mitchell responded by kicking his feet back and staying put. (Board's Findings of Fact No. 6.) Claimant then used the front-loader to push the forklift Mitchell was operating out of Claimant's way. (Board's Findings of Fact No. 7.) The same day, Mitchell used the forklift to block Claimant's path a second time, but Claimant was able to maneuver around Mitchell without contacting Mitchell's forklift. (Board's Findings of Fact No. 8.) The next day, Claimant was terminated for violating Employer's safety rules by driving the front-loader in an unsafe manner. (Board's Findings of Fact No. 11.) Claim-

ant should have been aware of the safety rules that Employer maintains as a result of the trainings he attended. (Board's Findings of Fact No. 3.) Further, Employer disciplined Claimant in the past and warned Claimant that future disciplinary infractions would result in his termination. (Board's Findings of Fact No. 4.)

The local job center determined that Claimant was ineligible for benefits under section 402(e) of the Law because Claimant violated Employer's rules without good cause by driving the front-loader in an unsafe manner.

Claimant appealed, and a referee conducted a hearing at which Claimant and Sara Perles, Employer's human resources manager, testified. Perles testified that employees attend annual OSHA safety trainings and that Employer provides trainings for forklifts, which also apply to front-loaders. (Notes of Testimony (N.T.) at 7.) Perles testified that Claimant should have been aware that using the bucket of the front-loader to move the forklift out of his way violated the work rules provided at those trainings. *Id.* Claimant acknowledged that he moved Mitchell's forklift with the front-loader but asserted that doing so was not a rule violation because the front-loader is used regularly to free the forklift when it gets stuck. (N.T. at 17.) Claimant further testified that, like Mitchell, other employees regularly interfered with his ability to make his piece-rate as a molder by placing objects in his work area and delaying the arrival of the supplies he needed to complete his work. (N.T. at 15.) Claimant testified that Employer did not address the conduct of Claimant's co-work-

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended* 43 P.S. § 802(e). Pursuant to section 402(e) of the Law, an employee is ineligible for benefits for any week in which his unemployment is due to his discharge from work for willful misconduct.

ers despite Claimant's repeated complaints. (N.T. at 16.)

Based on this testimony, the referee issued a decision and order dated August 18, 2010, which reversed the job center's determination. The referee found that while Employer does have an established safety policy, the record does not indicate that Claimant intentionally violated the policy. The referee concluded that because Employer did not meet its burden to demonstrate a violation of the policy with competent first-hand testimony, Claimant was not ineligible for benefits under section 402(e) of the Law.

Employer appealed, and the Board reversed the referee in a decision and order dated November 9, 2010. The Board observed that even if Claimant was reasonably frustrated and cautiously slid the forklift out of his way, he should have been aware that moving the forklift was inherently dangerous. Thus, the Board determined that, even absent a specific work rule, Claimant's conduct rose to the level of willful misconduct in connection with his work and, therefore, Claimant is ineligible for benefits under section 402(e) of the Law.

Claimant filed a request for reconsideration, which the Board denied by order dated December 13, 2010.

■ On appeal to this Court,[2] Claimant asserts that Employer did not meet its burden to establish a work-rule that Claimant violated and, alternatively, that even if a rule violation is found, Claimant had good cause for moving the forklift with the front-loader. In support, Claimant cites *Boshman v. Unemployment Compensation Board of Review,* (Pa.Cmwlth. No. 2416 C.D.2009, filed September 1, 2010),[3] an unpublished opinion, for the proposition that general rules such as "do your job safely" are not sufficient to establish a work-rule violation and *Williams v. Unemployment Compensation Board of Review,* 141 Pa.Cmwlth. 667, 596 A.2d 1191 (1991),[4] for the proposition that Claimant had good cause for moving the forklift with the front-loader.

**2.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrate Agency Law, 2 Pa.C.S. § 704.

**3.** In *Boshman,* the employer discharged the Claimant when he failed to return to work following a three-day suspension for refusing to make a delivery that would require him to unload a truck with a pallet jack. The local job center determined that the claimant was eligible for benefits under section 402(e) of the Law. On appeal, the referee reversed the local job center, concluding that the claimant acted in a manner contrary to the employer's best interests and that the employer met its burden under section 402(e) of the Law to establish willful misconduct. Claimant appealed to the Board, which affirmed, adopting and incorporating the referee's findings and conclusions. On appeal to this Court, the

claimant asserted that he had good cause for refusing to make the delivery that required the use of a pallet jack because the employer did not provide hands-on training as required by OSHA. However, we affirmed the Board, determining that the claimant waived his argument for purposes of appellate review.

Thus, contrary to Claimant's assertion, *Boshman* did not involve a review of forklift policies by the Court and does not indicate that general policies such as "do your job safely" are not substantial evidence of a work-rule.

**4.** Notably, in *Williams,* the Court upheld a determination of willful misconduct where the claimant parked on private property in violation of the employer's policy that required employees to park in an employer-owned facility and failed to show good cause. *Williams* does not support Claimant's assertion that he had good cause for driving the front-loader in an unsafe manner.

 Whether a claimant's conduct constitutes willful misconduct, rendering a claimant ineligible for unemployment benefits, is a question of law subject to this Court's review. *Orend v. Unemployment Compensation Board of Review,* 821 A.2d 659 (Pa.Cmwlth.2003). The employer bears the burden to demonstrate that a claimant has been discharged for willful misconduct. *Id.* Although the law does not define willful misconduct, the term has been interpreted to include the following: (1) the wanton and willful disregard of an employer's interests; (2) a deliberate violation of an employer's work rules; (3) the disregard of standards of behavior an employer can rightfully expect of an employee; or (4) negligence indicating the intentional disregard of an employer's interest or an employee's duties and obligations. *Smith v. Unemployment Compensation Board of Review,* 967 A.2d 1042 (Pa. Cmwlth.2009). Notably, an employer is not limited to demonstrating the violation of a work-rule in order to establish willful misconduct. *Kronstadt v. Unemployment Compensation Board of Review,* 88 Pa. Cmwlth. 318, 489 A.2d 310 (1984) (holding that an established rule concerning a claimant's actions is not required if the behavioral standard is obvious and the claimant's conduct is clearly inimical to an employer's best interest); *Biggs v. Unemployment Compensation Board of Review,* 66 Pa.Cmwlth. 117, 443 A.2d 1204 (1982) (providing that sleeping on the job constituted willful misconduct despite the absence of an established work-rule because sleeping on the job is contrary to an obvious behavioral standard and so inimical to an employer's best interest that the claimant's discharge was the natural result.) If an employer meets its burden to establish willful misconduct, the burden of proof shifts to the claimant to demonstrate that he had good cause for his action. *Smith.*

In *Raheem v. Unemployment Compensation Board of Review,* 60 Pa.Cmwlth. 324, 431 A.2d 1112 (1981), the claimant was employed as a truck driver and left the job-site after employer questioned him about damage to a company vehicle. The employer discharged the claimant and the local job center determined that the claimant was ineligible for benefits under section 402(e) of the Law as a result of his willful misconduct. The claimant appealed, and a referee and the Board affirmed. On appeal to this Court, we observed as follows:

> The employer testified to several instances of intentional or reckless acts by the claimant which were directly inimical to the employer's interest. These acts included: an accident in which the claimant was involved while driving the employer's truck, which claimant failed to report to the employer; reckless operation of the employer's truck on a construction site, which caused damages to the truck and resulted in the employer receiving complaints that claimant's recklessness created a safety hazard to other workers; and threatened loss of contracts due to claimant's careless driving on a construction site. The employer's testimony in these matters was corroborated by the testimony of other supervisory personnel. This testimony clearly establishes that the claimant was consistently reckless in the performance of his assigned duties, to the direct detriment of his employer.

*Id.* at 1113. Thus, we affirmed the Board, concluding that the employer met its burden to establish willful misconduct under section 402(e) of the Law and that the claimant failed to establish good cause for his actions.

Similarly, in this case, the Board found that Claimant had received warnings in the past that future disciplinary action

would result in his termination and that Employer discharged Claimant for operating machinery in a reckless manner that jeopardized the safety of other workers and could have damaged company equipment. Even if the Board had not found that Employer discharged Claimant for violating the work-rules that Employer maintains, the record supports the Board's determination that moving the forklift with the front-loader was an intentional and reckless act that was directly inimical to Employer's best interest.[5] *Raheem.* Further, while we do not condone Mitchell's behavior, we agree with the Board that "[e]ven if [Claimant] was reasonably frustrated and cautiously slid the forklift out of his way, [he] should have been aware that moving the forklift was inherently dangerous." Board's opinion at 3. Thus, the

Board did not err in determining that Claimant's behavior constituted willful misconduct and that Claimant, therefore, was ineligible for benefits under section 402(e) of the Law.

Accordingly, we affirm.

### ORDER

AND NOW, this 27th day of December, 2011, we hereby affirm the November 9, 2010 decision of the Unemployment Compensation Board of Review.

---

**5.** Perles testified that employees are required to attend trainings and that Claimant should have been aware that his conduct violated the work-rules provided at those trainings. (Notes of Testimony (N.T.) at 7.) In light of this testimony, we also note that the Board did not err when it found that Employer maintains safety rules that Claimant should have been aware of and that Claimant violated those rules by operating the front-loader in an unsafe manner. (Board's Findings of Facts, Nos. 4, 11.)