# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig P. Wood, Jr.,              :
            Petitioner     :
                    :
        v.          :   No. 1096 C.D. 2015
                    :   SUBMITTED: November 25, 2015
Unemployment Compensation  :
Board of Review,            :
            Respondent  :

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**               **FILED: March 10, 2016**

Claimant, Craig P. Wood, Jr., petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board), which reversed a referee's decision and determined that Wood is ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law)[2] for reasons of willful misconduct connected with his work.

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. 1937 (2897), *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee is ineligible for compensation for any week in which his unemployment is due to discharge for willful misconduct connected with his work.

The Board, which is the ultimate factfinder in cases of unemployment compensation law,[3] found as follows. Claimant last worked as a full-time sales associate for Moorehead Communications (Employer) from September 2014 through February 19, 2015. On Claimant's last workday, another employee's car was parked outside of Employer's location in a strip mall. Employer's sales manager noticed that the car had writing on it, specifically: "I love d*cks." Board Decision, No. B-578818, dated May 27, 2015, at 1, Finding of Fact (FF), No. 4. The other employee filed a formal complaint, and Claimant admitted responsibility for writing on the car. Claimant wrote on the car while he was on his lunch break, using a washable window marker. Employer's sales manager was unaware of jokes being made at the office and was also unaware that the employee who owned the car joked about "gays, women or fat people." *Id.*, FF, No. 10. Employer considered Claimant's writing to be vandalism and harassment in violation of its policy. Claimant was discharged for writing "I love d*cks" on his co-worker's car. *Id.* at 2, FF, No. 11.

Afterwards, the Department of Labor and Industry determined that Claimant was ineligible for benefits under section 402(e). On appeal, the referee reversed, reasoning that Claimant did not intend to violate Employer's rules and that Claimant's conduct did not rise to the level of willful misconduct under the statute. On appeal, the Board reversed the referee's decision, stating that, even if Employer failed to prove the violation of a specific work policy against vandalism and harassment, the nature of Claimant's conduct amounted to willful misconduct on its face. Specifically, the Board reasoned that Claimant's act of writing "I love d*cks" on his co-worker's car while it was parked in the lot outside Employer's

---

[3] *See Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383 (Pa. 1985).

facility evinced a wanton and willful disregard of Employer's interest and disregarded the standards of behavior that Employer had a right to expect of Claimant. The Board further noted that Claimant failed to prove good cause for his misconduct because: (1) his testimony that jokes of this kind were common at the workplace was not credited; and (2), even if such jokes were common at the workplace, Employer was unaware that jokes of this type were being made. Accordingly, the Board reversed the referee's decision and denied Claimant benefits under section 402(e). This appeal followed.

On appeal, Claimant first argues that the Board erred in deciding that he was ineligible for benefits in light of the Board's "admission" that Employer failed to meet its burden of establishing work rules or policies against harassment or vandalism. Claimant also argues that the Board erred in deciding that Claimant committed willful misconduct based solely on behavior that occurred on non-employer time and on non-employer property. Finally, Claimant asserts that the Board erred in deciding that Claimant committed willful misconduct based on vandalism because there is no proof of either vandalism or harassment by Claimant.

The employer bears the burden to demonstrate that a claimant has been discharged for willful misconduct.[4] *Orend v. Unemployment Comp. Bd. of Review*, 821 A.2d 659, 661 (Pa. Cmwlth. 2003). Although the Law does not define willful misconduct, the term has been interpreted to include wanton and willful disregard of an employer's interests, deliberate violation of an employer's work

---

[4] Whether a claimant's conduct amounts to willful misconduct rendering a claimant ineligible for unemployment compensation benefits is a question of law subject to plenary review. *Royster v. Unemployment Compensation Board of Review*, 34 A.3d 324, 327 (Pa. Cmwlth. 2011).

rules, disregard of standards of behavior that an employer can rightfully expect of an employee, or negligence that indicates intentional disregard of an employer's interest or an employee's duties and obligations. *Smith v. Unemployment Comp. Bd. of Review*, 967 A.2d 1042, 1046 (Pa. Cmwlth. 2009). An employer is not limited to proving the violation of a work rule in order to establish willful misconduct. *Kronstadt v. Unemployment Comp. Bd. of Review*, 489 A.2d 310, 320 (Pa. Cmwlth. 1984) [providing, "Regardless of whether Kronstadt's employer had an established rule concerning [his] actions, the behavioral standard is obvious and Kronstadt's conduct was so inimical to his employer's best interests as to constitute willful misconduct"]; *Biggs v. Unemployment Comp. Bd. of Review*, 443 A.2d 1204, 1206 (Pa. Cmwlth. 1982) [providing, "We also reject Biggs' contention that, the employer not having an established rule against sleeping on the job and this being his first peccadillo, his behavior did not amount to willful misconduct" (footnotes omitted)]. If an employer meets its burden of establishing willful misconduct, the burden of proof shifts to the claimant to demonstrate good cause for his action. *Royster v. Unemployment Comp. Bd. of Review*, 34 A.3d 324, 327 (Pa. Cmwlth. 2011).

In the matter *sub judice*, we disagree with Claimant's first assertion that because the Board somehow "admitted" that Employer failed to meet its burden of proving a work rule or policy against harassment or vandalism, the Board likewise erred in determining that Claimant was not eligible for benefits. Instead, the Board merely acknowledged that, even if Employer failed to establish the existence of such a work rule or policy, Claimant could still be deemed ineligible for benefits because his work-related conduct was so inimical to Employer's best interests that discharge was the natural result. *See* Board Opinion

4

at 2. The Board's acknowledgement in this regard accords with relevant case law, as set forth above. *See, e.g., Kronstadt*. Thus, Claimant's first argument lacks merit.

Claimant next argues that the Board erred in deciding he committed willful misconduct based on conduct that occurred on non-employer time and on non-employer property. The law is clear, however, that "there is no requirement under section 402(e) that an employee's work-related misconduct occur on the employer's premises or precisely while on duty." *Williams v. Unemployment Comp. Bd. of Review*, 596 A.2d 1191, 1192 (Pa. Cmwlth. 1991) [relying on *Caruso v. Unemployment Comp. Bd. of Review*, 551 A.2d 1167 (Pa. Cmwlth. 1998)]. For this reason, Claimant's second argument also lacks merit.

Finally, Claimant argues that the Board erred in reaching a determination of willful misconduct based on vandalism because there is no proof that Claimant engaged in vandalism or harassment. In this vein, Claimant asserts that his actions were nothing more than a joke consistent with the jokes that were common in Employer's office. Claimant relies on the fact that he used washable window marker to write his commentary. He also points out that he was never arrested for this behavior. Claimant's argument, however, misses the mark. We have held that "'vulgarity, even in a single instance, may constitute willful misconduct where the vulgarity is unjustified, unprovoked, unnecessary or uncalled for under the circumstances.'" *Dodson v. Unemployment Comp. Bd. of Review*, 437 A.2d 1080, 1082 (Pa. Cmwlth. 1981) (citation omitted). As previously stated, the Board did not credit Claimant's testimony that jokes of this type were common in Employer's workplace. The Board further determined that Employer was unaware that any such jokes were being made. Thus, to the extent he argues otherwise, Claimant also failed to establish good cause for his conduct in writing "I

5

love d*cks" on his co-worker's car, even in the unlikely event that good cause for such conduct could be held to exist.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Craig P. Wood, Jr.,                        :
                           Petitioner      :
                                           :
                    v.                     :      No. 1096 C.D. 2015
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                           Respondent      :

# **O R D E R**

AND NOW, this 10th day of March, 2016, the order of the Unemployment Compensation Board of Review is hereby affirmed.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig P. Wood, Jr.,            :
                                 : No. 1096 C.D. 2015
               Petitioner    : Submitted: November 25, 2015
                                   :
               v.                  :
                                   :
Unemployment Compensation       :
Board of Review,                  :
                                   :
              Respondent    :

BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                   HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

DISSENTING OPINION
BY SENIOR JUDGE FRIEDMAN               FILED: March 10, 2016

Because I would conclude that Employer failed to prove that Claimant committed willful misconduct under section 402(e) of the Unemployment Compensation Law (Law),[1] I respectfully dissent.

I believe that the Board erred in concluding that Claimant committed willful misconduct on the ground that his conduct amounted to vandalism or harassment. It is undisputed that Claimant used a washable window marker to write the remark on his co-worker's car and caused no damage to the car. Additionally, the record contains no evidence that Claimant engaged in any type of harassing conduct

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

toward his co-worker while at work, either before or after the car-writing incident. The incident did not occur in the workplace or on company time. Claimant wrote on his co-worker's car during his lunch break. Moreover, I disagree with the majority's reliance on case law involving an employee's use of vulgarity in the workplace, (*see* Maj. Op. at 5), because the Board made no finding of vulgarity here.

Even if the Board had made a finding of vulgarity, I would still conclude that Claimant did not commit willful misconduct. When considering whether the use of vulgarity amounts to willful misconduct, we must consider "the context in which the profanity or other proscribed language [was] used." *Brown v. Unemployment Compensation Board of Review*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012). We will not find willful misconduct "where use of the proscribed language was . . . *de minimis* in nature." *Id.* Here, the referee found that Claimant credibly testified that the remark was intended merely as a joke between Claimant and his co-worker. The Board did not reject this credibility determination. Thus, given the facts of this case, I believe that Claimant's written remark on his co-worker's car was *de minimis*.[2]

Unlike the majority, I cannot conclude, based on the evidence of record, that Claimant's conduct was inimical to Employer's interests. Claimant's conduct was meant as a joke between him and his co-worker and had nothing to do with Employer. While Claimant's conduct was questionable, it did not rise to the level of

---

[2] Furthermore, Claimant's conduct was directed toward a *co-worker*, not a supervisor. This court has stated that "[a]n employee's use of abusive, vulgar or offensive language *with a superior* is a form of insubordination that can constitute willful misconduct." *Brown*, 49 A.3d at 937 (emphasis added); *see Scott v. Unemployment Compensation Board of Review*, 105 A.3d 839, 846 (Pa. Cmwlth. 2014), *appeal denied*, __ A.3d __ (Pa., No. 22 WAL 2015, filed August 21, 2015).

willful misconduct under section 402(e) of the Law. For these reasons, I would reverse the Board's order.

_____
ROCHELLE S. FRIEDMAN, Senior Judge