Nathaniel P. OREND, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 21, 2003.
Decided April 17, 2003.

Samuel J. Orr, Beaver, for petitioner.

Judith M. Gilroy, Harrisburg, for respondent.

Before SMITH–RIBNER, J., LEAVITT, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Nathaniel P. Orend (Orend) petitions the Court for review of the order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of the Unemployment Compensation Referee (Referee) denying benefits to Orend pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L.

(1937) 2897, *as amended,* 43 P.S. § 802(e) (willful misconduct).[1] Orend questions whether an insurance company employee who is unaware of the employer's privacy rules is guilty of willful misconduct when he obtains license plate information of a third party in violation of the insurance company's privacy rules.

Orend was employed by Nationwide Insurance Company (Employer) from August 28, 2000 through April 19, 2002. In April 2002 he was promoted to senior claims adjuster. After his girlfriend was nearly struck by a vehicle while walking Orend's dog in March 2002, he used a motor vehicle check available to him through his position with Employer to trace the license plate number that his girlfriend had obtained. Using his birthdate in place of a valid claim number, Orend acquired the name and address of the driver of the car. Employer learned that Orend processed the information for his personal use through the company's system, and on April 19, 2002 Employer terminated Orend's employment for his violation of the company's Code of Conduct, Privacy Act Policy, Bonding Policy and Electronic Communications Policy.

Orend applied for unemployment compensation, and, because Employer did not provide information to show that Orend was or should have been aware of the policies that he violated, the Duquesne Unemployment Compensation Service Center found him to be eligible for benefits. Upon Employer's appeal, the Referee reversed and denied Orend benefits pursuant to Section 402(e) of the Law, finding that he had been made aware of the seriousness of misuse of personal information and that he had acted in disregard of Employ-

1. Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act. . . ."

er's interests, which jeopardized Employer's business. Moreover, even though Orend had not committed any prior offenses and no prior warnings had been given, his conduct was serious enough to warrant the discharge. Reaching the same conclusion on review, the Board affirmed the Referee's decision.[2]

 The Board's findings of fact are binding on this Court when they are supported by substantial evidence. *Ryan v. Unemployment Compensation Board of Review*, 120 Pa.Cmwlth. 80, 547 A.2d 1283 (1988). Whether a claimant's conduct rises to the level of willful misconduct is a question of law reviewable by this Court. *Artis v. Unemployment Compensation Board of Review*, 699 A.2d 849 (Pa. Cmwlth.1997). The term "willful misconduct" has been defined in part as including "[a]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules," and "a disregard of standards of behavior which the employer has a right to expect of an employee...." *Finch v. Unemployment Compensation Board of Review*, 692 A.2d 619, 620, n. 1 (Pa.Cmwlth.1997). *See also Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa.Cmwlth. 90, 309 A.2d 165 (1973). The employer has the burden of proving willful misconduct, *Mendez v. Unemployment Compensation Board of Review*, 101 Pa.Cmwlth. 366, 516 A.2d 806 (1986), and when a charge of willful misconduct is based on the violation of a work rule, the employer must establish the existence of the rule and its violation.

*Williams v. Unemployment Compensation Board of Review*, 141 Pa.Cmwlth. 667, 596 A.2d 1191 (1991).

Orend initially contends that he unknowingly violated Employer's policies and that he therefore is not guilty of willful misconduct. Citing *Elliott v. Unemployment Compensation Board of Review*, 82 Pa. Cmwlth. 107, 474 A.2d 735 (1984), Orend asserts that before an employee may be found to have violated an employer's rule the employee must be made aware of the rule. Orend also notes that an employer seeking to establish that a rule violation constitutes willful misconduct must present evidence that the violation was deliberate. *Tongel v. Unemployment Compensation Board of Review*, 93 Pa.Cmwlth. 524, 501 A.2d 716 (1985). Orend points out that neither Employer's policy manuals nor its training program mentions such a prohibition or indicates that license numbers are private information, and he argues that Employer's zeal in defending the claim simply may be an excuse for its failure to properly train employees in the area of practical privacy issues. Orend claims that his testimony regarding lack of specific training on license plate tracing issues was not rebutted in that Employer's witnesses made only general references to company policies which lack specifics on this issue.

Orend compares his case with the situation in *Murraysville Telephone Co., Inc. v. Unemployment Compensation Board of Review*, 41 Pa.Cmwlth. 35, 398 A.2d 250 (1979), in which this Court affirmed the Board's grant of benefits to a claimant

---

**2.** The Court's review of the Board's order is prescribed in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, which provides that the Court shall affirm unless it determines that the adjudication is in violation of the constitutional rights of the petitioner, that it is not in accordance with law, that provisions relating to practice and procedure of Commonwealth agencies in Sections 501—508 of the Administrative Agency Law, 2 Pa. C.S. §§ 501—508, have been violated or that any necessary finding of fact is not supported by substantial evidence in the record. *See also Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002).

discharged for obtaining a confidential employee roster. There the Court found no willful misconduct and held that although the claimant's fellow employees had been orally informed of the confidentiality of the list, there was no evidence of theft or a showing that the claimant had been aware of the policy. *Id.* Orend argues that in his case no one has established that he was aware of the policies he violated. Orend stresses the testimony regarding his misunderstanding that license plates were public information, and he concedes that during his termination interview he failed to deny knowledge of Employer's policy but asserts that he was in a state of shock at the time.

The Board responds that Orend does not contest the findings of fact as adopted by the Board; rather he contests the Board's conclusions of law. The Board expressly noted that Orend was not an inexperienced employee; in fact he had 20 months of experience with Employer and during that period he was promoted to senior claims representative. Consequently, pursuant to the Board's finding, as an experienced claims representative Orend was expected to know and to abide by Employer's privacy policies and ethical standards as covered in documents entitled "Privacy Act, Frequently Asked Questions" and "Employer's Human Resources Policy Guide."

The Privacy Act document advises that employees may not disclose "nonpublic personal information," which it defines as "[a]ny individually identifiable information gathered in connection with an insurance transaction or service performed for the consumer," such as a name, address or telephone number. Employer Ex. 5, p. 2. Employer's Human Resources Policy Guide, in a section concerning "Honesty and Bonding of Employees," states that "[a]ll associates and applicants are expect-

ed to be honest and eligible for coverage under the company's fidelity bond...." Employer Ex. 3, Section 9.9. In addition, a section of the Human Resources Policy Guide entitled "Ethics" provides that "[w]e are each responsible for acting with integrity and maintaining a work environment that supports ethical business transactions...." Employer Ex. 3, Section 2.3. Orend acknowledged receipt of Employer's "Code of Conduct and Business Practices," which specifically provides that "[c]onfidential information ... should not be disclosed to anyone, internally or externally, other than those with a legitimate business need for this information." Employer's Ex. 6.

The Board contends that Orend was aware or should have been aware of Employer's policies and that he violated them when for his personal use he traced a license plate and indicated that it was for legitimate insurance purposes. Citing *Williams* the Board notes the Court's holding that when an employer establishes a violation of a reasonable work rule, the burden shifts to the employee to demonstrate good cause for the violation. The Board disputes that Orend's alleged ignorance of Employer's policies establishes good cause for his conduct.

Orend next argues that the Referee and the Board erred in concluding that his conduct constituted a substantial disregard of Employer's interests that jeopardized Employer's business. He posits that courts have held that such conduct includes obvious violations like committing illegal activity on the employer's premises, *Knarr v. Unemployment Compensation Board of Review,* 134 Pa.Cmwlth. 613, 579 A.2d 464 (1990); falsifying time sheets, *Temple University v. Unemployment Compensation Board of Review,* 565 Pa. 178, 772 A.2d 416 (2001); and sleeping on the job, *Biggs v. Unemployment Compen-*

*sation Board of Review,* 66 Pa.Cmwlth. 117, 443 A.2d 1204 (1982). Orend suggests that if license plate privacy was such a concern Employer should have mentioned it specifically in its training sessions.

In *Seton Co. v. Unemployment Compensation Board of Review,* 663 A.2d 296 (Pa. Cmwlth.1995), this Court held that a deliberate falsification of an employer's records constitutes a disregard of the standards of behavior which an employer has the right to expect. The Board also points out that in *Biggs* this Court held that a specific rule is not necessary where the standard of behavior is obvious and the employee's conduct is so inimical to the employer's interests that discharge is a natural result: it should be obvious that Orend may not use Employer's resources to trace license plate information on the company's system for personal use. Moreover, such misuse of motor vehicle records could prompt the Pennsylvania Department of Transportation to limit access to those records thereby hindering Employer's ability to do business in the state.

■ The Court agrees that Employer's policies sufficiently informed Orend that as an employee, particularly one serving in the capacity of an experienced claims representative, he had a duty to act with integrity to maintain a work environment that was supportive of ethical business practices and transactions. As a result, the Court further agrees that the evidence demonstrates Orend's violation of Employer's code of conduct and privacy policies related to the performance of its business. After its review of the record, the Court holds that it contains substantial evidence to support the Board's findings of fact, which support its conclusion of law that Orend's behavior represented a willful disregard of Employer's interests. As the Referee observed, the seriousness of the conduct was so obvious that Orend's dis-

charge was a natural consequence of his behavior. *See Biggs.* Thus the Court wholeheartedly concurs in the determination that Orend's use of his birthdate in lieu of a valid claim number to trace a third party's license plate number purportedly for Employer's legitimate insurance purposes constituted willful misconduct pursuant to Section 402(e) of the Law. Accordingly, the Court affirms the order of the Board.

### ORDER

AND NOW, this 17th day of April, 2003, the order of the Unemployment Compensation Board of Review is affirmed.