# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Hassan Salhi, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1742 C.D. 2015 |
| | : | Submitted: January 29, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE COLINS                         FILED:  May 6, 2016

Hassan Salhi (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) finding Claimant ineligible for unemployment compensation benefits because he was discharged from his employment as a billing coordinator with Crossroads Hospice of Philadelphia (Employer) for deliberate failure to perform his duties, which amounted to willful misconduct under section 402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge for willful misconduct connected to his or her work.  43 P.S. § 802(e).

Claimant applied for unemployment benefits following his discharge from employment with Employer and the Department of Labor and Industry issued a May 8, 2015 determination finding him ineligible for benefits. (Record Item (R. Item) 5, Notice of Determination.) Claimant appealed, and a hearing was held before the referee on June 8, 2015, at which Claimant and two Employer witnesses, the Clinical Director and the Assistant Clinical Director, testified. (R. Item 9, Referee Hearing: Transcript of Testimony (H.T.).) Following the hearing, the referee issued a June 11, 2015 decision and order finding Claimant ineligible for unemployment benefits under Section 402(e) of the Law. (R. Item 10, Referee Decision/Order.) Claimant appealed to the Board and the Board issued its August 17, 2015 order affirming the referee's decision. (R. Item 12, Board's Decision and Order.) The Board made the following findings of fact:

> 1. [Claimant] was last employed as a billing coordinator by Crossroads Hospice of Philadelphia from July 4, 2012, and his last day of work was April 20, 2015.
>
> 2. [Claimant] was responsible for patient bills, the day-to-day census, continuous care documentation, and accounts payable and receivable.
>
> 3. On September 12, 2014, [Claimant] received a written warning for not providing the census correctly in order to secure accurate and timely billing.
>
> 4. On December 8, 2014, [Claimant] was placed on a thirty-day performance improvement plan for issues with billing tasks and incorrectly entering patient information effecting [sic] Medicare billing.
>
> 5. On January 8, 2015, [Claimant] was removed from the performance plan because his performance improved.
>
> 6. On April 17, 2015, the clinical director received a call from a vendor who had not received payment, so the

clinical director entered [Claimant's] office to look for the bill.

7. In [Claimant's] office, the clinical director found at least fifty unopened envelopes containing bills and a check for $4,900 dated February 2, 2015, that had not been issued.

8. The clinical director questioned [Claimant] about the status of his office and [Claimant] stated he was being set up.

9. On April 20, 2015, [Claimant] was discharged for failure to perform his duties.

(R. Item 12, Board's Decision and Order, Findings of Fact (F.F.) ¶¶1-9.)

Claimant appealed the Board's decision and order to this Court.[2] Claimant argues, in essence, that the Board's findings, in particular its findings that at least fifty unpaid bills and an unissued check in the amount of $4,900 were found in Claimant's office, are not supported by substantial evidence. Claimant argues that Employer's evidence is inadmissible hearsay and is inconsistent, and that Employer failed to show that Claimant engaged in willful misconduct.

Whether a claimant's conduct rises to the level of willful misconduct is a question of law that is subject to plenary review by this Court. *Orend v. Unemployment Compensation Board of Review*, 821 A.2d 659, 661 (Pa. Cmwlth. 2003). The term willful misconduct is not defined within Section 402(e) of the Law, but has been interpreted by the courts to include: 1) wanton or willful disregard of the employer's interests; 2) deliberate violation of the employer's

---

[2] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed and whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Smithley v. Unemployment Compensation Board of Review*, 8 A.3d 1027, 1029 n.5 (Pa. Cmwlth. 2010).

3

rules or directives; 3) disregard of the standards of behavior which an employer can rightfully expect from an employee; and 4) negligence demonstrating an intentional disregard of the employer's interest or the employee's duties and obligations. *Scott v. Unemployment Compensation Board of Review*, 36 A.3d 643, 647 (Pa. Cmwlth. 2012). Mere incompetence, inexperience, or inability to perform a job generally will not result in willful misconduct; failure to work up to proven ability despite warnings of poor work performance, however, can constitute willful misconduct. *Id*. at 647-648.

The employer bears the burden of proving that the claimant was discharged for willful misconduct. *Greer v. Unemployment Compensation Board of Review*, 4 A.3d 733, 736 (Pa. Cmwlth. 2010). Employer established that Claimant had received prior warnings, had been placed on a thirty-day performance improvement plan in December 2014, and had been removed from such plan one month later because his performance had improved. (R. Item 12, Board's Decision and Order, F.F. ¶¶3-5.) Employer also established that at least fifty unopened bills and an unissued $4,900 check were found in Claimant's office. (*Id*., F.F. ¶ 7.) Employer's Clinical Director testified that she entered Claimant's office together with Claimant's direct supervisor, and they found the unopened bills and check; she stated that she spent the ensuing weekend going through the bills and searching for any other checks due to the sensitive timing of insurance company billing, and then sent all of the materials to the corporate office per its instruction by express mail on Monday. (*Id*., H.T. at 11, 23.) The Board concluded that "the [Clinical Director] credibly testified that on April 17, 2015, [Claimant's] office contained at least fifty unopened envelopes containing bills and a check for $4,900 dated February 2, 2015, that had not been issued." (R. Item 12,

4

Board's Decision and Order, Discussion.) Further, the Board discredited Claimant's testimony that he did not have multiple unpaid bills or any check in his office and that he was "set up." (*Id.*) The Board stated "[Claimant] failed to provide any credible evidence to support his testimony that he was set up. [Claimant] demonstrated that he was able to perform his duties after January 8, 2015, but deliberately failed to perform his duties by not paying bills or issuing checks. [Claimant's] actions in failing to perform his duties fell beneath the standards expected of him by [Employer] and amounted to willful misconduct." (R. Item 12, Board's Decision and Order, Discussion.) The Board is the ultimate fact finder and arbiter of credibility. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1387 (Pa. 1985).

Claimant argues that the Clinical Director presented emails exchanged between Claimant's direct supervisor and individuals at Employer's corporate office, none of whom was present at the hearing, and these emails were inadmissible hearsay.[3] While hearsay, introduction of these emails does not constitute grounds for reversal of the Board's decision. These emails were admitted without objection from Claimant's then-counsel. (R. Item 9, H.T. at 12.) Therefore, while insufficient by themselves to support a finding, the Board could consider them as corroboration of the Clinical Director's testimony. *Walker v. Unemployment Compensation Board of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976). Moreover, there is nothing in the Board's decision that shows any consideration or reliance on these emails; rather, the Board based its findings on

---

[3] The emails indicated that Employer was preparing to terminate Claimant's employment and also that in the course of searching for some item in Claimant's office, Claimant's direct supervisor had discovered "piles" of bills, presumed to be unpaid, and a check dated the previous month, presumably not forwarded in a timely fashion. (R. Item 9, H.T., Employer Exhibit 1.)

the Clinical Director's testimony. The information provided by the emails was thus superfluous, and there is clearly substantial evidence, in the form of the Clinical Director's testimony found credible by the Board, that required no corroboration to establish Claimant's misconduct.

Accordingly, we discern no error in the Board's determination that Employer sustained its burden of proving that it discharged Claimant from his employment as a result of actions that constitute willful misconduct. The Board's order is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hassan Salhi,                                    :
                                                 :
                Petitioner                       :
                                                 :
        v.                                        : No. 1742 C.D. 2015
                                                 :
Unemployment Compensation                        :
Board of Review,                                 :
                                                 :
                Respondent                       :

## **O R D E R**

AND NOW, this 6th day of May, 2016, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**