# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tonya R. King,                                  :
                        Petitioner              :
                                                :
            v.                                  :     No. 2154 C.D. 2015
                                                :     Submitted:  March 24, 2016
Unemployment Compensation                       :
Board of Review,                                :
                        Respondent              :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER                  FILED:  June 1, 2016

        Tonya R. King (Claimant), proceeding pro se, petitions for review of the
Order of the Unemployment Compensation (UC) Board of Review (Board) that
affirmed the UC Referee's (Referee) Decision finding Claimant ineligible for UC
benefits pursuant to Section 402(e) of the UC Law[1] (Law) because she engaged in
willful misconduct related to her work.  On appeal, Claimant argues that the Board
erred and/or abused its discretion in finding her ineligible because there was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §
802(e) (providing, in relevant part, that an employee is ineligible for UC benefits for any week
the employee's "unemployment is due to h[er] discharge or temporary suspension from work for
willful misconduct connected with h[er] work").

insufficient credible evidence to establish why she was discharged, Claimant's evidence was not taken into consideration, and Claimant was not permitted to subpoena witnesses to testify on her behalf. Discerning no error or abuse of discretion, we affirm.

Claimant worked full-time as a teacher's aide for God's Little Angels Daycare (Employer) until she was discharged on July 8, 2015 for insubordination and creating a hostile environment. Claimant filed a claim for UC benefits, which a local service center denied pursuant to Section 402(e) of the Law. Claimant appealed, and the matter was assigned to the Referee for a hearing. At the hearing, Employer presented the testimony of its Owner/Director (Director), and Claimant testified on her own behalf. Claimant also offered a written statement of her co-worker of the events on the day in question and a text message from a parent as character evidence, which were excluded, respectively, as objected-to hearsay and irrelevant to the proceedings. (Hr'g Tr. at 20-23, R. Item 8.)

Based on the evidence presented, the Referee made the following findings of fact:

1. The Claimant was last employed as a full-time Teacher's Aide with [Employer] from May 3, 2010 until July 8, 2015, at a final rate of pay of $7.62 per hour.

2. On July 8, 2015, the Claimant and a coworker took a group of two and three year old children on a field trip.

3. The Director sent a text message to the Claimant telling her to bring the children back to the Daycare by Noon.

4. The Claimant did not receive the text message.

5. The Director asked the Supervisor to call the Claimant to tell her to return the children back to the Daycare because they had been out too long.

2

6. When the Claimant and the coworker returned to the Daycare, the Director said they could not take the children on any more field trips.

7. The Claimant became very upset, raised her voice and was upsetting the children.

8. The Director told the Claimant to punch out and leave.

9. The Claimant refused to leave and said she wanted money owed to her.

10. The Director called 911 because the Claimant refused to leave.

11. The Claimant yelled up the stairs to the Supervisor, who is a personal friend, that the Director was calling the police.

12. The Claimant had an outstanding warrant for a traffic violation and left to pay the ticket because the Director had called the police.

13. The Claimant was gone by the time five police officers arrived at the Daycare.

14. The Director told the Supervisor to contact the Claimant to state she was not to return or come back on the premises.

15. The Employer terminated the Claimant for being insubordinate and creating a hostile environment.

(Referee Decision, Findings of Fact (FOF) ¶¶ 1-15.) The Referee did not credit Claimant's testimony that she did not use inappropriate language or raise her voice. Accepting Director's testimony, the Referee held that Employer's directive to Claimant to leave the premises was reasonable under the circumstances. Because Claimant refused to leave as directed and did not establish good cause for her refusal, the Referee concluded that Employer met its burden of proving that it discharged Claimant for willful misconduct in connection with her work. Thus,

3

the Referee found Claimant ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed to the Board, and she requested that a remand hearing be held for which she could subpoena character witnesses to testify in support of her claim for benefits.

The Board determined that the Referee's decision was proper under the Law and adopted and incorporated the Referee's findings into its Order. Like the Referee, the Board "[did] not credit the claimant's testimony that she did not raise her voice or use profanity [i]n her argument with the employer's owner." (Order.) The Board concluded that the directive that Claimant leave the property was reasonable considering Claimant's behavior and that "[C]laimant did not have good cause for" her refusal to do so. (Id.) Finally, the Board indicated that it did not consider any of the extra-record statements submitted with Claimant's appeal and denied Claimant's request for a remand to present additional testimony because "[C]laimant had a full and fair opportunity to present witnesses" at the hearing. (Id.) Claimant now petitions this Court for review.[2]

---

[2] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014). "The Board's findings are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support the findings." Western and Southern Life Ins. Co. v. Unemployment Comp. Bd. of Review, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006). Substantial evidence is "such relevant evidence which a reasonable mind would accept as adequate to support a conclusion." Id. This Court is bound "'to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony'" to determine if substantial evidence exists for the Board's findings. United States Banknote Co. v. Unemployment Comp. Bd. of Review, 575 A.2d 673, 674 (Pa. Cmwlth. 1990) (quoting Taylor v. Unemployment Comp. Bd. of Review, 378 A.2d 829, 831 (Pa. 1977)).

4

On appeal, Claimant sets forth her version of what happened on the day in question and argues that Director did not testify truthfully about those events. Claimant contends that she did not have any problem with being sent home and was not "flipping out about it." (Claimant's Br. at 9.) Claimant asserts that she did not leave immediately because she wanted the money that she claims the Director stole from Claimant's paycheck and that this was reasonable.

The Board responds that its findings of fact are supported by the credible testimony of Employer's witness and Claimant is attempting to have this Court reweigh the evidence in her favor, which the Court may not do. The Board further asserts that Claimant's behavior constitutes willful misconduct for which Claimant does not have good cause.

We first consider whether the Board's findings are supported by substantial evidence. Here, Claimant essentially challenges the findings that she "became very upset, raised her voice and was upsetting the children" and was discharged for "insubordinat[ion] and creating a hostile environment." (FOF ¶¶ 7, 15.) Claimant does not challenge the findings that Director asked her to leave or that Claimant refused to do so because Director owed her money.

Director testified that, after she advised Claimant that Claimant could not take the children on any more field trips,

> [Claimant became] very irate with me and started screaming and hollering and talking loud. And at that point, I didn't want to get the kids upset. She was scaring the kids. And so, I asked her to calm her voice down. I asked her -- you need to leave the building. And she refused to leave. So, I called 911 because at that point she was unbearable to handle.

(Hr'g Tr. at 5.) Director further testified that as she "asked [Claimant] to calm down . . . [and] reason[] it out . . . [but Claimant] started cussing at me and . . . it

5

was just unbearable" and agreed that "the children [were] around [and] they could hear this going on." (Id. at 7-8.) Director explained that "the kids [were] upset and [she] really need[ed] to get [Claimant] out of the building." (Id. at 6.) This testimony supports the Board's finding that "Claimant became very upset, raised her voice and was upsetting the children." (FOF ¶ 7.) Moreover, this evidence, along with Claimant's admission that Director told her to leave the premises and she refused to do so, also supports the Board's finding that Director discharged Claimant for insubordination and creating a hostile environment. (FOF ¶ 15.) Although we understand Claimant's frustration in not having her testimony believed, it is the Board, not this Court that "determines the credibility of witnesses and the weight to be assigned to the evidence." Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108 (Pa. Cmwlth. 1994). Those determinations "are not subject to re-evaluation on judicial review." Peak v. Unemployment Comp. Bd. of Review, 501 A.2d 1383, 1388 (Pa. 1985) (internal quotation omitted). Here, the Board credited Director's testimony, and we may not re-evaluate the testimony. Id.

Next, we consider whether Claimant's actions rose to the level of willful misconduct and, if so, whether she established good cause for her behavior under the circumstances. Section 402(e) of the Law states that an employee is ineligible for UC benefits for any week where her discharge is "for willful misconduct connected with h[er] work . . . ." 43 P.S. § 802(e). This Court has defined willful misconduct, in relevant part, as "the deliberate violation of [an employer's] rules" or "the disregard of standards of behavior which an employer can rightfully expect from his employee." Guthrie v. Unemployment Comp. Bd. of Review, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). Where an individual is discharged for not following

6

an employer's directive, we consider the reasonableness of the directive and of the claimant's actions. Frumento v. Unemployment Comp. Bd. of Review, 351 A.2d 631, 634 (Pa. 1976). Moreover, we have held that willful misconduct occurs where "the standard of behavior is obvious and the employee's conduct is so inimical to the employer's interests that discharge is a natural result." Orend v. Unemployment Comp. Bd. of Review, 821 A.2d 659, 663 (Pa. Cmwlth. 2003). If the employer satisfies its burden, the burden shifts to the claimant to show that he or she had good cause for the conduct. McKeesport Hospital v. Unemployment Comp. Bd. of Review, 625 A.2d 112, 114 (Pa. Cmwlth. 1993). "A claimant has good cause if his or her actions are justifiable and reasonable under the circumstances." Docherty v. Unemployment Comp. Bd. of Review, 898 A.2d 1205, 1208-09 (Pa. Cmwlth. 2006). If a claimant had "good cause for the conduct, it was not willful misconduct." Rossi v. Unemployment Comp. Bd. of Review, 676 A.2d 194, 198 (Pa. 1996). Whether a claimant's conduct rose to the level of willful misconduct is a question of law reviewable by this Court. Docherty, 898 A.2d at 1209.

We agree with the Board that Employer's directive that Claimant leave the premises was reasonable where the credited testimony was that Claimant was very upset, yelling, and upsetting the children. Claimant refused to comply with that request until Director called the police to have Claimant removed. Moreover, Claimant's behavior in response to being told that she could no longer take children on field trips and that she had to leave fell below that which Employer could expect from its employees and was inimical to Employer's interests to the point "that discharge [was] a natural result." Orend, 821 A.2d at 663. Thus, Employer met its burden of proof, and the burden shifted to Claimant to establish

7

that "her actions are justifiable and reasonable under the circumstances." Docherty, 898 A.2d at 1208-09.

Initially we observe that, other than asserting that she did not act in the manner Director described, Claimant does not justify her actions in becoming so upset that she was yelling and upsetting the children. Claimant does attempt to justify her refusal to comply with Employer's directive to leave because she wanted the money Director owed her before she left. However, as evidenced by Claimant's testimony that she subsequently recovered the money by other means, (Hr'g Tr. at 21-22), there were other, reasonable ways that Claimant could have obtained this money other than by refusing to leave Employer's premises and acting in this fashion. Accordingly, Claimant did not establish good cause for her conduct, and as such, she is ineligible for benefits under Section 402(e) of the Law.

Finally, Claimant maintains she had wanted to present testimony from her immediate supervisor and her co-worker and, rather than subpoenaing them, she, on the advice of an unnamed UC official, obtained written statements and presented those statements at the hearing. However, the Referee did not consider those statements and Claimant asserts that, had they been considered, she would have prevailed. We view Claimant's assertions as an argument that the Board abused its discretion in denying her request for a remand hearing in order to subpoena additional witnesses and present that testimony.

"The Board has the discretion to decide when a remand hearing is necessary and what issues will be addressed at said hearing." Flores v. Unemployment Comp. Bd. of Review, 686 A.2d 66, 75 (Pa. Cmwlth. 1996). "A rehearing is normally given to afford a party an opportunity to adduce evidence not offered at the original hearing because it was not then available." Brady v. Unemployment

8

Comp. Bd. of Review, 539 A.2d 936, 939 (Pa. Cmwlth. 1988). The Board's denial of a remand request "will be reversed only for a clear abuse of discretion." Flores, 686 A.2d at 75.

A review of the record reveals that Claimant did attempt to introduce a written statement of her co-worker and a text message from a parent, but this evidence was excluded as hearsay and irrelevant, respectively. (Hr'g Tr. at 20-23.) Claimant did not attempt to present any written statement from her immediate supervisor, and she made no mention at the hearing of any alleged contact she had with a UC official about obtaining subpoenas. Claimant admits to having received the hearing notice, which twice describes the manner in which a party can request and obtain subpoenas from the Referee in order to compel a witness to appear and testify at the scheduled hearing. (Hr'g Tr. at 1; Notice of Hearing at 2-3, R. Item 7.) Nevertheless, Claimant's first request for subpoenas was in her appeal to the Board. There, Claimant requested another hearing to present additional evidence: character witnesses who would testify on her behalf but only if they were subpoenaed because they still worked for Employer. (Claimant's Petition for Appeal at 1-2, R. Item 10.) The Board denied Claimant's request for a remand hearing because she already "had a full and fair opportunity to present witnesses on her behalf." (Order.) We find no abuse of discretion in the Board's denying Claimant a second opportunity to present evidence that she could have presented at the initial hearing.

Accordingly, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tonya R. King,                          :
                    Petitioner          :
                                        :
            v.                          :    No. 2154 C.D. 2015
                                        :
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :

# **O R D E R**

   **NOW**, June 1, 2016, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER,** Judge