# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

|                              |     |                                |
|------------------------------|-----|--------------------------------|
| Doug Lathan,                 | :   |                                |
|                              | :   |                                |
| Petitioner                   | :   |                                |
|                              | :   |                                |
| v.                           | :   | No. 229 C.D. 2016              |
|                              | :   | Submitted: August 5, 2016      |
| Unemployment Compensation    | :   |                                |
| Board of Review,             | :   |                                |
|                              | :   |                                |
| Respondent                   | :   |                                |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                **FILED:  October 7, 2016**


        Doug Lathan (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed the determination of the Referee that Claimant was ineligible for unemployment compensation benefits under section 402(e) of the Unemployment Compensation Law (Law).[1]  The Board concluded that Claimant did not establish proper cause for nonappearance at an initial hearing before the Referee and, accordingly, did not consider Claimant's testimony on the merits of the case at a subsequent, remand

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge for willful misconduct connected to his or her work.  43 P.S. § 802(e).

hearing; the Board adopted and incorporated the Referee's findings and conclusions. For the reasons that follow, we affirm.

Claimant applied for unemployment benefits following his discharge from employment as a store manager with Jo-Ann Fabric and Craft Stores (Employer), and the Department of Labor and Industry (Service Center) issued a July 29, 2015 determination finding him not ineligible for benefits. (Record Item (R. Item) 5, Notice of Determination.) Employer appealed, and a hearing was held before the Referee on September 2, 2015, at which Claimant did not appear and two Employer witnesses, a Tax Consultant Representative and Employer's District Manager, testified. (R. Item 9, Referee's Hearing Transcript of Testimony (H.T.).) Following the hearing, the Referee issued a decision and order reversing the determination of the Service Center, and finding Claimant ineligible for unemployment benefits under Section 402(e) of the Law. The Referee determined that Employer presented credible testimony and evidence establishing Claimant's job responsibilities and Claimant's knowledge of, and violation of its policies. (R. Item 10, Referee's Decision/Order, Reasoning.) The Referee further determined that because Claimant did not appear at the hearing to establish good cause for failing to follow Employer's policies, the Employer had met its burden of establishing that Claimant's discharge from employment was for reasons which rose to the level of willful misconduct. (*Id*.) The Referee made the following findings of fact:

> 1. The claimant was employed with [Employer] as a store manager, full-time, at a final rate of pay of approximately $45,000 per year, from August 2014, until May 21, 2015, his last day of work.

2

2. [Employer] has a policy that the store manager must follow a checklist, called a store tour, on a daily basis to ensure that certain policies and procedures are followed.

3. [Employer] has certain floor plans that assign the layout for items in the store, which, as the store manager, the claimant was responsible for implementing.

4. As part of the claimant's job duties, he was responsible for ensuring that appropriate signs were placed within the facility and in the windows of [Employer's] facility at given times.

5. As part of the claimant's job duties, he was responsible for taking the daily bank deposit by 9:00 AM, prior to the opening of the store.

6. The claimant was, or should have been, aware of his job responsibilities pursuant to [Employer's] policies.

7. Throughout the duration of the claimant's employment, [Employer] had issues with the claimant failing to complete his assigned duties as the store manager.

8. In December 2014, the claimant was given a written warning due to failure to complete the bank deposits in accordance with policy.

9. On or about December 17, 2014, the claimant store failed an audit due to a number of issues with the claimant's job performance and failure to follow policies.

10. Following that audit, the claimant was placed on an Audit Action Plan, through which the claimant was warned of discharge if his performance failed to improve.

11. On March 5, 2015, the claimant was again written up regarding failing to follow proper cash handling procedures with regard to bank deposits.

3

12. On April 25, 2015, the District Manager met with the claimant, and again discussed the items on the Audit Action Plan, half of which had not been achieved.

13. On May 5, 2015, the claimant failed to complete the store tour, failed to place inventory in accordance with the floor plan, and failed to have the proper signage in the facility.

14. The claimant was warned regarding those issues on May 5, 2015.

15. On May 19, 2015, the claimant again failed to complete the store tour, had failed to correct the floor plan, and failed to correct the signage in the facility.

16. The claimant was discharged effective May 21, 2015, for poor job performance and failing to follow [Employer's] policies with regard to his job duties.

(*Id*., Findings of Fact.)

Claimant filed an appeal with the Board, asserting that he had not received the hearing notice in time. (R. Item 12, Claimant's Petition for Appeal.) The Board remanded the case to the Referee, acting as hearing officer for the Board, to allow Claimant to testify as to his reason for not appearing at the previous hearing and to allow the parties to offer evidence on the merits of the case should the Board accept Claimant's excuse as a proper cause. (R. Item 13, Remand Memo; R. Item 14, Board Hearing Order.) At the remand hearing, Claimant and a witness for Employer, with counsel, testified. (R. Item 16, Board Hearing – Remand.) On December 17, 2015, the Board issued its order, stating:

> The claimant testified that his small children sometimes get the mail and that the hearing notice fell behind a cabinet and it was not located until after the hearing date passed. The claimant's failure to discover a hearing notice that was delivered by the postal authorities is considered negligence and does not provide proper cause

4

for failing to attend the referee hearing. Accordingly, the Board cannot consider the claimant's testimony on the merits of the case. The Board adopts and incorporates the Referee's findings and conclusions….

(R. Item 17, Board's Order.) Claimant appealed the Board's order to this Court.[2]

Claimant argues that the Board erred in not considering the testimony he provided at the remand hearing. The Board, pursuant to Department of Labor and Industry regulations, may schedule a remand hearing and consider testimony and evidence presented on the merits where it has determined that there was proper cause for the claimant's nonappearance. 34 Pa. Code §101.24(a), (c). Our Court has held that the failure to receive or to timely receive a hearing notice can constitute "proper cause" for not attending a hearing. *Volk v. Unemployment Compensation Board of Review*, 49 A.3d 28, 44-45 (Pa. Cmwlth. 2012). However, we have also held that a party's own negligence is not sufficient good cause as a matter of law for failing to appear at a referee hearing. *Eat'N Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008) (employer's instructions to referee with respect to attempting to contact employer's witness by telephone were not accurate due to employer's own negligence); *Kelly v. Unemployment Compensation Board of Review*, 747 A.2d 436, 439 (Pa. Cmwlth. 2000) (employer's personnel director failed to explain why she did not discover hearing notice over several days she was in office or why notice was not reviewed by person reviewing mail in her absence); *Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985) (claimant's own negligence was sole cause of failure to appear where

---

[2] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed and whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Smithley v. Unemployment Compensation Board of Review*, 8 A.3d 1027, 1029 n.5 (Pa. Cmwlth. 2010).

5

claimant admitted receipt of timely notice but asserted he misread the hearing date). Here, Claimant does not contend that the hearing notice was not timely delivered to his address, but rather that it "inadvertently" got into the hands of his very young children, and was later found, after the date of the hearing, behind a cabinet near the entry of his home. The Board properly determined that Claimant's failure to discover the hearing notice must be considered negligence, and did not err in not considering his testimony on the merits.

Claimant also argues that he did not engage in willful misconduct at any time during his employment. However, having determined that the Board did not err in excluding his testimony at the remand hearing, our review is limited to whether the evidence presented by Employer at the September 2, 2015 hearing before the Referee constitutes substantial evidence to support the Board's conclusion that Claimant's actions constituted willful misconduct in connection with his work. The findings and conclusions of the Referee, as adopted by the Board, were based upon the Employer's testimony, found competent, as well as a careful review of the documentary evidence with regard to the repeated warnings and counseling provided to Claimant regarding his failure to follow Employer's policies.

Whether a claimant's conduct rises to the level of willful misconduct is a question of law that is subject to plenary review by this Court. *Orend v. Unemployment Compensation Board of Review*, 821 A.2d 659, 661 (Pa. Cmwlth. 2003). The term "willful misconduct" is not defined by statute, but has been interpreted by the courts to include: 1) wanton or willful disregard of the employer's interests; 2) deliberate violation of the employer's rules or directives; 3) disregard of the standards of behavior which an employer can rightfully expect

6

from an employee; and 4) negligence demonstrating an intentional disregard of the employer's interest or the employee's duties and obligations. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2003). An employer seeking to prove willful misconduct by showing that the claimant violated the employer's rules or policies must prove the existence of the rule or policy and that the claimant violated it. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). However, once an employer has met its burden, the burden then shifts to the claimant to show good cause justification for the conduct considered willful. *McKeesport Hospital v. Unemployment Compensation Board of Review*, 625 A.2d 112, 114 (Pa. Cmwlth. 1993).

Here, Employer established that despite repeated written warnings, meetings and store visits by Employer's management personnel, and the establishment of a detailed performance improvement plan, Claimant failed to comply with store policies and procedures, did not complete required daily store tours, did not complete bank deposits pursuant to store policy, and failed to implement an audit action plan. Because he failed to establish proper cause for his nonappearance at the September 2, 2015 Referee hearing, Claimant forfeited his opportunity to offer testimony to rebut the credible testimony and evidence offered by Employer and failed to show good cause for his behavior. Accordingly, we affirm the Board's order.

_____
**JAMES GARDNER COLINS, Senior Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | |
|---|---|
| Doug Lathan, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 229 C.D. 2016 |
| | : |
| Unemployment Compensation | : |
| Board of Review, | : |
| | : |
| Respondent | : |

# **O R D E R**

AND NOW, this 7th day of October, 2016, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**